UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | { | CHAPTER 13 |
| | { | |
| JACOB BENJAMIN DUMAS | { | CASE NO.: A18-62934-JWC |
| | { | |
| DEBTOR | { | CONTESTED MATTER |

**TRUSTEE'S BRIEF IN OPPOSITION TO CONFIRMATION
OF THE PLAN DUE TO VIOLATION OF 11 U.S.C. §1325(b)(1)(B)**

**STATEMENT OF JURISDICTION:**

Jurisdiction is appropriate pursuant to 28 U.S.C. §§1334, 151, and 157. Venue is proper according to 28 U.S.C. §§1408 and 1409. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(D).

**STATEMENT OF THE ISSUE:**

Is a debtor's attorney fee an allowed deduction in calculating a debtor's disposable income on the Official Form 122C?

**STATEMENT OF FACTS:**

The Debtor, Jacob Benjamin Dumas ("the Debtor"), filed his petition for bankruptcy on August 4, 2018. The Debtor hired the Law Office of Jeffrey B. Kelly, P.C. ("Debtor's Attorney") to represent him for the duration of this bankruptcy case and agreed to compensation in the amount of $4,500.00 for said representation. The Debtor proposes to pay these fees as a part of his Chapter 13 plan, as provided by §4.3 of the plan.

The Debtor filed Official Form 122C Chapter 13 Statement of Your Current Monthly Income which includes Calculation of Commitment Period ("122C-1") and Chapter 13 Calculation of Your Disposable Income ("122C-2") with his initial petition. (Bk. Doc. #1). The

1

most recent amendment of this form was filed on November 20, 2018. (Bk.Doc. #28)   On this amended form, the Debtor takes a deduction on Line 35 of the 122C-2 in the amount of $7,651.00 for priority claims.  Included in this total is $4,500.00 of Debtor's attorney fee.  The remaining $3,151.00 on line 35 reflects the priority claims owed to the Internal Revenue Service and Georgia Department of Revenue.  Inclusion of the $4,500.00 attorney fee expense results in an additional $75.00 being deducted from Debtor's disposable income calculation. The resulting disposable monthly income reflected on line 45 of the 122C-2 is $639.49.  Accordingly, the Debtor proposes a reduced pro-rata share to non-priority unsecured claims of $38,369.40. The Trustee objects to the Debtor's inclusion of the $4,500 fee on the 122C-2, line 35 as it violates 11 U.S.C. §§1325(b)(2) ,1325(b)(3) and 707(b). The Trustee asserts that the deduction of attorney fees is not appropriate on the 122C-2 and the Debtor's disposable monthly income calculation result is $714.49 which necessitates Debtor pay $42.869.40 to non-priority unsecured claims.

## ARGUMENTS AND CITATIONS OF AUTHORITY

I. **Deducting a debtor's attorney fee in the calculation of disposable monthly income is not supported by the Bankruptcy Code, the Official Form 22C or legislative history.**

   A. **The United States Bankruptcy Code**

The United States Bankruptcy Code establishes the standards that a debtor must meet to obtain the relief and fresh start that a bankruptcy case provides.  Particularly, 11 U.S.C. §1325 delineates the requirements necessary for the Court to confirm a debtor's chapter 13 plan. One of those requirements, 11 U.S.C. §1325(b)(1)(B), provides that if the trustee or an unsecured creditor objects, the Court must not confirm a plan unless the debtor is paying unsecured claims in full or provides that "all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan

2

will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325 (b)(2) follows and defines disposable income as the debtor's "current monthly income… less amounts reasonably necessary to be expended."  To clarify their intent, Congress included a list of what is considered "reasonably necessary" expenses in 11 U.S.C. §§1325(b)(2)(A) and (b)(3) incorporating 11 U.S.C. §707(b)(2).  The list includes:  maintenance and support of the debtor or a dependent; charitable contributions up to 15 percent; allowed monthly expenses established by the Internal Revenue Service's National and Local Standard; actual expenses for housing and utilities if they exceed the National and Local Standards; continuation of actual expenses for an elderly, chronically ill or disabled household member of the immediate family;  Chapter 13 Trustee's administrative expense; actual expenses for dependents under 18; payments due to secured creditors averaged over 60 months; and expenses for priority claims averaged over 60 months.

    Congress also anticipated that there may be unique situations that warrant consideration in the disposable income calculation.  11 U.S.C. §707(b)(2)(B)(i) and (ii) allow the debtor to seek additional deductions for those unique situations as "special circumstances." Examples provided in this section include a serious medical condition or an order to active duty military service.  The special circumstance must be one for which "there is no reasonable alternative".  A debtor's expense to hire his/her lawyer is common and exists in a majority of Chapter 13 cases.  Additionally, there are reasonable alternatives to deducting this expense from the disposable income.  The debtor could pay the fee in advance of the bankruptcy filing or the fee could be paid directly by another party.  A debtor's attorney fee is not a special circumstance.  Still further, hiring an attorney and incurring fees for their services may be beneficial to a debtor in navigating the Chapter 13 process, but it is not a requirement to file a Chapter 13 case.   The text

3

of the Bankruptcy Code, therefore, does not provide support for debtor's attorney fee deduction as a reasonable expense or a special circumstance appropriate for deduction from disposable income.

### B.  Official Form 22C and legislative history

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23(2005).*  One of the significant changes made as a result of this Act was the enactment of Official Form 22C.  It is the practical application of 11 U.S.C. §1325(b) and 11 U.S.C. §707(b) translated into a worksheet that enables interested parties to analyze the income and expenses asserted.  The Form was updated in 2015 and divided into two parts ("122C-1" and "122C-2") which serve two separate roles.  122C-1 provides the debtor's current monthly income averaged over the six months preceding the debtor's filing.  The monthly income is multiplied by 12 (months) to establish the debtor's current monthly income for the year.  This total is then compared to the median income for the debtor's state of residence and household size.  If the debtor's income exceeds the state median they are determined to be "above median" and an applicable commitment period of 60 months is required. *11 U.S.C. §1325(b)(4).* If the total is below the state median income the debtor is deemed "below median" and an applicable commitment period of 36 months is required. *Id.*  If a debtor is below median, Form 122C-2 need not be completed. However, if the debtor is "above median", 122C-2 must be completed to determine the debtor's disposable monthly income.  Form 122C-2 is divided into multiple sub-parts and line items.  Part 1 includes specific line items to deduct each of the expenses enumerated in 11 U.S.C. §§707(b)(2) and 1325(b)(2)(A).  Parts 2 and 3 include the allowance for special circumstances or a change in circumstances.  No part of Form 122C-2 includes a specific

4

line item for a debtor's attorney fee. The form concludes on Line 45 with the calculation of the debtor's monthly disposable income under 11 U.S.C. §1325(b)(2).

A review of the BAPCPA legislative history report related to the Form 22C also supports the conclusion that debtor's attorney fees are not an allowed deduction.  The House Report 109-31 shows that debtor's attorney fees were not a contemplated deduction or an item of concern.  In fact, the only attorney fees discussed are those related to an attorney hired by the trustee for administration of the estate. *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, H.R. 109-31 Part1, 109th Cong.§§102 and 107*.  Further, the Advisory Committee on Bankruptcy Rules has met on at least two separate occasions to review this Official Form and has not made any recommended changes to include a deduction for a debtor's attorney fee.[1]

Although, the Form 122C and the Bankruptcy Code do not appear inconsistent on this issue, it is important to note that any ambiguity or inconsistency between the Bankruptcy Code and Form 122C should be construed in favor of the plain reading of the Bankruptcy Code.  The Supreme Court has gone as far as to say that if the language of the statute is plain, the "sole function of the courts is to enforce it according to its terms." *In re Wilbur,* 344 B.R. 650, 653 (2006)*, citing United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241.  Examination of the plain text often requires the Court to consider the context of the provision.  The text must be considered as more than the words in isolation, but also as compatible with the other provisions of the statute as a whole. *In re Echeman,* 378 B.R. 177, 180 (2007).   The only time to look beyond the language is if it remains ambiguous after considering it in context, or when the literal

---

[1] The Advisory Committee has met in April 2010 and February 2014.  A revised Form 122C-1 and 122C-2 was approved and became effective on December 1, 2015.  There was no change to include a line item deduction debtor's attorney fees.

5

interpretation would lead to internal inconsistencies with the Bankruptcy Code. *Lamie v. United States Trustee,* 540 U.S. 526, 124 S.Ct. 1023, 157 L. Ed. 2d 1024 (2004).

In *Ransom v. FIA Card Services N.A.* 562 U.S. 61 (2011), the Supreme Court interpreted the plain meaning of 11 U.S.C. §1325's "reasonably necessary expenses". The Court stated that they are "the debtor's reasonable expenditures on essential items" to ensure "that debtors pay creditors the maximum they can afford." The Court further stated that the determination of what is reasonable and necessary is "best achieved by interpreting the means test, consistent with the statutory text, to reflect the debtor's ability to afford repayment." *Id. at 62*. As described in *Ransom,* the language of the statute involved in determining a debtor's disposable monthly income are not ambiguous. The plain reading of the text does not include any deduction for a debtor's attorney fee expense. The maxim, *expressio unius est exclusio alterius,* is used by the Hon. Judge Wedoff in Means Testing in the New § 707(b), 79 AM. BANKR. L.J. 231, 273 (2005), to explain this further. He states that the exclusion of a specific deduction for attorney fees should be understood as the intent of Congress and any deduction of fees from the means test should be denied. *Id.* The Bankruptcy Court of the District of New Jersey has followed this reasoning in *In Re Amato,* 366 B.R. 348 (Bankr. D.N.J. 2007). In *Amato,* the Court denied the deduction of attorney fees from the calculation of the debtor's monthly disposable income, stating "[t]he Court feels constrained by language of Official Form B22C and thus, will not read more into the language of that set forth in the prescribed Official Form so as to provide for the deduction of the debtor's attorney fees." *Id.*

The Debtor in the instant case is no exception to the requirements established by the Bankruptcy Code. It is not disputed that the Debtor's current monthly income is above median. The Debtor includes a deduction for his attorney fees on line 35 of Form 122C-2 that the

6

Bankruptcy Code does not permit. As a result of this impermissible deduction, the amount of his projected disposable income and the related dividend to unsecured creditors in the plan are improperly reduced. Therefore, the Debtor's plan cannot be confirmed based on failure to comply with 11 U.S.C. §1325(b)(1)(B).

**II.     Attorney fees are administrative expenses and therefore should not be classified as a priority claim under 11 U.S.C. §1325(b).**

   **A. The Bankruptcy Code**

Since a debtor's attorney fee is not a deduction that is specifically provided under 11 U.S.C. §1325 or §707(b), the Debtor asserts that the fee should qualify for deduction as a priority claim under 11 U.S.C. §707b(2)(a)(iv). In the Northern District of Georgia, General Order 22-2017 specifically states that attorney fees are administrative expenses awarded upon plan confirmation or dismissal. This is supported by 11 U.S.C. §503(b)(2) and §330(a)(4)(B).[2] These provisions give the Court discretion to award debtor's attorney a fee in consideration of the benefit and necessity of their services. These fees are for representation of the debtor's interests in connection with the bankruptcy case, typically for three to five years.

Once the debtor's attorney fee is awarded under the provisions of §330(a), the fee fits clearly within 11 U.S.C. §503(b)(2) as an administrative expense.[3] Congress carved out §503 of the Bankruptcy Code to provide for administrative expenses specifically. This section lists the items that qualify for this classification including those awarded under §330(a). Despite the list

---

[2] 11 U.S.C. §330 (a)(4)(B) In a Chapter 12 or Chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and other factors set forth in this section.

[3] 11 U.S.C. §503(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title including—
     (2) compensation and reimbursement awarded under 330 (a) of this title;

7

provided, §503 does not explicitly define the term "administrative expense" or how it should be treated. In case law, Courts have defined administrative expenses using two common characteristics: (1) the right to payment arises after the filing of the case and (2) the right to payment is in consideration for a benefit provided to the estate. *CIT Communication Finance Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.),* 406 F. 3d 229, 337 (4th Cir. 2005).

An administrative expense determined under §503, it is then included in 11 U.S.C. §507(a)(2) as an expense entitled to priority distribution. This means, that as an administrative expense, Debtor's attorney fee, is entitled to an elevated position in the order of funds distribution. Administrative expenses share this priority classification with debts that are specifically referenced to as "claims" such as domestic support obligations and tax liability. Despite this shared Code section and classification as priority, the plain language of the statute still differentiates between "claims" and "expenses". Sections 507, 330(a) and 503(b) are particular in their language. In each of these sections a debtor's attorney fee is referred to as "compensation" or an" expense", but neve referred to as a "creditor" or a "claim". Congress continued this differentiation of "claims" and "expenses" in the language of 11 U.S.C. §707. 11 U.S.C. §707(b)(2)(A)(iv) allows a deduction from disposable income for "The Debtor's expenses for payment of all priority claims (including child support and alimony claims) …" There is nothing to indicate that Congress intended the administrative expense for debtor's attorney fee to be included in this deduction or to vary from the repeated reference to it as an "expense" rather than a "claim". In fact, Congress specifically included 11 U.S.C.§707 (b)(2)(A)(ii)(III) to allow a separate deduction for one administrative expense. This section provides a deduction for

8

"actual administrative expenses of administering a chapter 13 plan…," the Chapter 13 Trustee fee.

One reason for making this continued distinction between "expenses" and "claims" is to emphasize an intended difference in their treatment. Much like the Debtor's attorney fee, the Chapter 13 Trustee's fee is included in 11 U.S.C. §507(a)(1)(C) as a priority expense. However, §707 specifically includes the Trustee fee as a separate administrative expense deduction and does not indicate a name change from "expense" to "claim". Debtor's deduction of his attorney fee with the priority claims would require the Court to imply this distinction arbitrary. It is illogical to conclude that Congress would specifically create a deduction for one kind of administrative expense while intending another administrative expenses to be an implied deduction as a priority claim.

Another possible rationale for the continued distinction made between "claims' and "expenses" is that administrative expenses do not meet the definition of a pre-petition claim.[4] As described in *Midway Airlines*, administrative expenses arise after the filing of the bankruptcy case, not at the time of or before the filing for relief. Instead of meeting the definition for a claim that exists at the time of filing, an administrative expense in Chapter 13 equates more to a post-petition claim as it is defined in 11 U.S.C. §1305(a)(2). An administrative expense, specifically a debtor's attorney fee, is a "consumer debt," awarded "after the filing for relief", for "services necessary for the debtor's performance under the plan." 11 U.S.C 1305 (a)(2). Allowed post-

---

[4] 11 U.S.C.§101(5) The term "claim" means –
    (A) Right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, of
    (B) Right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

"Pre-petition claims" refers to a claim (defined above), that arises at the time or prior to the filing of the Bankruptcy petition by the Debtor.

9

petition claims are treated pursuant to their filed classification (secured, priority, or non-priority unsecured) but are not included on the Form 122C-2 or deducted from the debtor's disposable income.

If administrative expenses are considered like a post-petition claim under §1305, the items included and excluded in 11 U.S.C. §707(b) make more sense. The fact that the list only includes one type of administrative expense is logical because the Chapter 13 Trustee fee is the only amount that is statutorily mandated for all cases and is neither negotiated nor controlled by the debtor. Other administrative expenses are awarded after the filing of the case, so their inclusion would require the debtor to be clairvoyant in knowing what and how much the Court may award. Further, if administrative expenses are considered as post-petition claims, it explains why §707(b)(2) allows for a deduction of only priority claims, not priority "expenses and claims" as included in §507.

### B. Official Form 22C

In application to the 122C-2, line 35 allows a deduction for priority claims that are past due as of the filing date of the bankruptcy case and Line 36 allows deduction of the Chapter 13 Trustee's administrative fee. In order to allow Debtor's attorney fee as a deduction from either line, the Court would have to conclude that the Bankruptcy Code and the Form 122C were written with enough specificity to establish different provisions to distinguish creditors, claims, administrative expenses, and post-petition claims but then ignore those carefully crafted differences to use the terms with broad and all-inclusive meaning elsewhere in the Code and on this Official Form. That is an absurd result that muddies the clear text of the statute. The Bankruptcy Court for the Southern District of Ohio, in *In re Echeman,* 378 B.R. 177 (2007) states,

> The only reasonable interpretation of this statutorily mandated calculation process is that it is designed to determine the amount available to pay nonpriority unsecured creditors after deduction for living expenses and payments to secured creditors and priority unsecured creditors. In other words, the language of §1325(b)(1)(B), when read in context, makes it clear that the resulting projected disposable income is intended to be paid only to unsecured creditors.

Some courts have accepted this conclusion but then stated that a debtor's attorney fee qualifies as a non-priority, unsecured claim entitled to share in a portion of the funds that the projected disposable income pays to the unsecured creditors. *In re Hemker,* 2015 Bankr. LEXIS 3122 (Bankr. Cent. D. Ill.)*, In re Puetz,* 370 B.R. 386 (Bankr. D. Kan. 2007). Declaring the Debtor's attorney fee, a non-priority unsecured claim ignores the priority status the Bankruptcy Code provides in §507. If Debtor's attorney fee is permitted to share in the amount to be paid to unsecured creditors, it would also create an inequitable conflict between the 122C-2 and this Debtor's Chapter 13 plan. On 122C-2, Debtor's attorney fee would be part of the non-priority unsecured creditors sharing in the total dividend owed from the disposable income calculation. In the plan, however, the attorney fee expense would be paid in full and before *(and most likely at a greater amount)* than any other unsecured claims. If Debtor's attorney fee is treated this way, the plan's treatment would violate the requirements of 11 U.S.C. §1322(a)(3) which requires the same treatment for each claim within a particular class.[5] A debtor's attorney fee sharing

---

[5] 11 U.S.C. §1322(a)(3): If the plan classifies claims, shall provide the same treatment for each claim within a particular class;

11

payment with general unsecured claims is inconsistent with provisions 2.6 and 4.3 the new plan form for the Northern District of Georgia.[6]

Conversely, if the Court finds that the Debtor's attorney fee is an administrative expense which is not an allowable deduction from 122C-2 the Bankruptcy Code, the Official Forms, and the Plan can be read harmoniously.  The Debtor's attorney fee can be paid as proposed in this District's plan form and Official Form 122C-2 can be completed as written and in compliance with 11 U.S.C. §1325 (b)(2) and §707(b).  This allows the plain reading of the provisions establishing disposable income to all work together to establish the Debtor's ability to pay his Creditors as contemplated by 11 U.S.C. §1325(b)(1)(B).

### III. Allowing a deduction for attorney fees will lead to inequitable treatment of debtors and could lead to manipulation.

The Bankruptcy Court is a court of equity.  It is tasked with balancing the equities of the litigants based upon the rules of the Bankruptcy Code and in consideration of the facts and circumstances of each case.  Despite the differing facts, the rules set forth in the Bankruptcy Code are to be applied equally to all parties.  For example, all debtors must propose a plan in good faith to satisfy 11 U.S. C. §1325(a)(3).  Allowing an above median debtor to deduct his attorney fee from the means test applies the law illogically to different debtors.

First, the deduction cannot be applied to all debtors.  This gives a benefit to some above median debtors. In *Hemker,* the Court determines that if debtors are paying all of their disposable income to the Chapter 13 plan, then attorney fees must be included as part of the disposable income calculation. *In re Hemker,* 2015 Bankr. LEXIS 3122 (Bankr. Cent. D. Ill.). They

---

[6] A new plan form was created and became effective and required in the Northern District of Georgia on December 1, 2017.

12

continue on to say that if it is not included, the debtor has no other means to pay their attorney fee.  However, this analysis and logic fails to consider the below median debtor pays their attorney fee expense and how chapter 13 actually operates.  The below median debtor, in accordance with the Official Form 22C, does not have any projected disposable income that must be paid the unsecured creditors.  However, despite this lack of disposable income, these debtors regularly retain counsel and pay the attorney fees.   Another type of debtor the *Hemker* Court overlooks, is the above median income debtor who's projected disposable income is nominal or negative.  Despite their lack of disposable monthly income, these debtors also regularly retain counsel and pay their fees.  If the *Hemker* Court is correct, it leads to the conclusion that the cases of below median income debtors or debtors with nominal disposable income are infeasible because they have no ability to pay their attorney fees.  The *Hemker* Court fails to consider that the debtor's *actual* income and expenses (as disclosed on schedules I and J) enable them to propose feasible plans which include the payment of attorney fees and other debts.  This is due to the fact that a debtor's actual expenses are different from the national and local standard deductions reflected on Form 22-C.  In fact, the analysis of *Hemker* takes a "mechanical approach" regarding attorney fees which assumes that the above median debtor has no means to pay their attorney fee if not deducted from their disposable income on Form 22C.  This approach ignores the reality of debtor's income and expenses and could foreclose the opportunity for debtors to obtain bankruptcy relief with the assistance of counsel.

  A second consequence of allowing a debtor's attorney fee as deduction from disposable income is the potential for manipulation of the plan and the corresponding amount paid to non-priority unsecured creditors.  If allowed, debtors would have no incentive to pay any attorney fee in advance of filing or to shop the market for a reasonable fee.  As an example, if a debtor has

13

the ability to pay any portion of their attorney fee prior to filing, there would be no benefit to doing so. In fact, the incentive would be to include the fee in the Chapter 13 plan and use this deduction on 122C-2 as a means to reduce the required amount paid to their unsecured creditors despite the debtor's actual ability to pay. Additionally, the amount of fees charged in these cases would no longer matter to an above median income debtor as it would have no impact to their plan payment. The amount of fees agreed to would only reduce the amount paid to their creditors and would not change the plan payment. If this is permitted, it could stunt the ability of other debtors, like those below median, to negotiate attorney fees. It would also further shift the burden of policing the fairness of the fees to creditors, the chapter 13 trustee, and the court.

## CONCLUSION

Congress wrote the Bankruptcy Code with specific rules and definitions. The plain meaning of the text gives the most compatible and logical application of each of these rules while applied to the Debtor's case. Debtor's attorney fees are not a specific allowed deduction. They are not a priority or unsecured creditor with a claim. They are a potential administrative expense awaiting Court approval, to be distributed with a priority status in addition to the dividend dictated by the disposable income on Form 122C-2 once the plan is confirmed  The Debtor's deduction on line 35 is impermissible and inappropriately reduces the disposable income and the amount to be paid to non-priority unsecured creditors. Confirmation of the plan should be denied based upon this failure to comply with 11 U.S.C. §1325(b)(1)(B).

14

**Dated: April 30, 2019**

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
Telephone: 678-992-1201
Email: janania@njwtrustee.com

## TABLE OF AUTHORITIES

Statutes:

28 U.S.C. §1334………………………………………………………………………………...........1

28 U.S.C. §151……………………………………………………………………………………...…1

28 U.S.C. §157…………………………………………………………………………………….......1

28 U.S.C. §1408……………………………………………………………………………………….1

28 U.S.C. §1409……………………………………………………………………………………….1

11 U.S.C §1325……………………………………………………………………….2, 4, 5, 6, 7, 11, 12, 14

11 U.S.C.§707…………………………………………………………………….....2, 3, 4, 7, 8, 9,10, 11

11 U.S.C. §503…………………………………………………………………………………….....7, 8

11 U.S.C. §330………………………………………………………………………….....…………7, 8

11 U.S.C. §507………………………………………………………………………...……………8, 9, 10, 11

11 U.S.C. §101…………………………………………………………………………….....……….9

11 U.S.C. §1305…………………………………………………………………………….…………9, 10

11 U.S.C. §1322…………………………………………………………………………....…………..11

Cases:

In re Wilbur 344 B.R. 650, 653 (2006)…………………………………………..……………5

United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241…………………………………...…....….5

In re Echeman, 378 B.R. 177, 180 (2007)………………………………………………...……5, 10

Lamie v. United States Trustee, 540 U.S. 526, 534., 124 S.Ct. 1023, 157 L. Ed. 2d 1024 (2004)…………………………………………………………………………………....………6

Ransom v. FIA Card Services N.A. 562 U.S. 61 (2011)…………………………………….....….. 6

In Re Amato 366 B.R. 348 (Bankr. D.N.J. 2007)……....……………………………………….……6

CIT Communication Finance Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.), 406 F. 3d 229, 337 (4th Cir. 2005)……………………………………………………………………....8, 9

In re Hemker 2015 Bankr. LEXIS 3122 (Bankr. Cent. D. Ill)…………………………………..11, 12, 13

In re Puetz 370 B.R. 386 (Bankr. D. Kan. 2007)……………………………....……………………….11

Other Authorities:

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23(2005)……………………………………………………………………………………………….4

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, H.R. 109-31 Part1, 109th Cong.§§102 and 107……………………………………………………………………………..5

## CERTIFICATE OF SERVICE

Case No: A18-62934-JWC

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Brief in Opposition to Confirmation of the Plan Due to Violation of 11 U.S.C. §1325(b)(1)(B) by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s):**
JACOB BENJAMIN DUMAS
199 HOWELL DR
CANTON, GA 30115

**Attorney for the Debtor(s):**
LAW OFFICE OF JEFFREY B. KELLY, P.C.
107 E. 5TH AVENUE
ROME, GA 30161

**Dated:**     April 30, 2019

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
Telephone: 678-992-1201
Email: janania@njwtrustee.com